1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7   CENTURY INDEMNITY COMPANY,              Case No.  25-cv-08563-WHO

8                   Appellant,

9         v.                                **ORDER DENYING REQUEST FOR
                                            EMERGENCY RELIEF AND
10  THE ROMAN CATHOLIC ARCHBISHOP           ESTABLISHING EXPEDITED
    OF SAN FRANCISCO,                       HEARING SCHEDULE**

11                  Respondent.             Re: Dkt. No. 3

12

13        Appellants, a collective of insurers, seek an emergency interim stay of the bankruptcy

14  court's order authorizing over 500 claimants to serve respondent, the Roman Catholic Archbishop

15  of San Francisco, with demand letters in their pending bankruptcy case.  *See* Dkt. No. 3.  They

16  also seek to set a hearing date for November 19, 2025, to hear their motion for a stay pending

17  appeal.  *Id.*

18        Appellants have not met their burden in showing that emergency relief is warranted.  A

19  party seeking a stay pending on appeal must show "(1) whether the stay applicant has made a

20  strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

21  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

22  parties interested in the proceeding; and (4) where the public interest lies."  *In re Schoenmann*, No.

23  22-30028-DM, 2025 WL 438716, at *2 (Bankr. N.D. Cal. Feb. 7, 2025) (quoting *Nken v. Holder*,

24  556 U.S. 418, 433–34 (2009)).

25        Here, appellants have failed to show that there would be any irreparable injury absent

26  emergency relief.  While appellants suggest that the irreparable "harm is not in merely receiving

27  the demands . . . [but] from the need to respond to the demands, in the absence of necessary

28  information, coupled with the risk that a refusal to accept the demand could lead, in a future

United States District Court
Northern District of California

proceeding bolstered by hindsight, to massive extracontractual liability being imposed," they do not point to any facts suggesting that these letters will be sent. *See* Dkt. No. 3 at 25. In fact, the bankruptcy court's order granting the stipulation in question was issued on September 17, 2025, over one month ago; it does not appear that any demand letters have been filed since then. *See id.* at 8–9. Absent a true threat of irreparable harm, I cannot reasonably conclude that emergency relief is warranted, even if the other three *Schoenmann* factors are satisfied, which I do not reach today.

Given the concerns raised by appellants in their motion, however, I agree that an expedited hearing schedule on whether to grant a stay is warranted. Accordingly, respondent will have until October 27, 2025, at 12:00 p.m. Pacific Time to file an opposition to this motion. Any reply by appellants will be due on October 29, 2025, by 12:00 p.m. Pacific Time. I will hold a hearing on this matter on October 31, 2025, at 1:30 p.m. Pacific Time by Zoom videoconference.

If circumstances change, and appellants offer credible evidence suggesting that the claimants intend to file such demand letters prior to October 31, 2025, they may amend their TRO request, and I will consider new evidence. On this record, the TRO request is DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2025

William H. Orrick
United States District Judge